UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

EMANUEL SACACIAN,

    Plaintiff,

vs.

AMERICAN ELECTRIC NORTH AMERICA, LLC a Florida
Limited liability company and ARIE GAD, individually,

    Defendants.
_____/

## COMPLAINT

Sacacian Emanuel Sacacian sues American Electric North America, LLC and Arie Gad (collectively "Defendants"), and alleges:

### Introduction

1.    This is an action by Sacacian against his former employers for unpaid wages and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.    Sacacian seeks damages within this court's jurisdictional requirements, reasonable attorneys' fee and costs, and all other remedies allowable by law.

### Parties, Jurisdiction and Venue

3.    Sacacian is over the age of majority and a resident of Broward County, Florida.

4.    American Electric is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida.

5.    Gad is over the age of majority, a resident of Miami-Dade County, and is otherwise *sui juris*.

6. At all times material, Gad was and is an owner and principal of American Electric.

7. During the relevant period, Sacacian performed work for Defendants in Miami-Dade County, Florida.

8. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Sacacian in this District, and the claims arose within this District.

9. All condition precedents have occurred, been waived, or otherwise been satisfied.

A. **Defendants' Business and Interstate Commerce**

10. Defendants are in the business of selling electric bicycles, accessories, parts, and custom batteries and did so during the relevant period.

11. American Electric's annual volume of sales or business exceeded $500,000 annually for every year during the relevant period.

12. At all relevant times, Defendants employed two or more employees, including Sacacian, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

13. Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

14. Defendants accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

15. While working for Defendants, Sacacian engaged in commerce or in the production of goods for commerce by assembling the electrical bicycles that were then transported to customers outside the State of Florida.

16. Defendants are employers engaged in interstate commerce and subject to the FLSA.

B. **Defendants' Control Over Sacacian**

17. Sacacian began working for Defendants in approximately January 2021.

18. Sacacian was terminated by Defendants on October 13, 2021.

19. While Sacacian worked for Defendants, his duties included: assembling electric bicycles for in and out of state shipment, answering phones, updating inventory information, greeting customers.

20. Sacacian was paid ten dollars per hour.

21. In addition to his regular employment duties, if he sold any electrical bicycles or batteries, Defendants agreed to compensate him at a rate of $50.00 per bike and $25.00 per battery.

22. During the relevant period, Sacacian was controlled by all Defendants.

23. During the relevant period, Defendants set Sacacian's work hours and schedule.

24. During the relevant period, Sacacian reported to all Defendants.

25. Defendants provided the tools, materials, and supplies used by Sacacian to perform his work for Defendants during the relevant period.

26. Sacacian did not have any other employment while employed with Defendants

27. Sacacian was economically dependent on his employment with Defendants as, during the relevant period, it was his sole source of income.

28. Despite this, Defendants misclassified Sacacian as an independent contractor.

C. **Defendants' Failure To Pay Sacacian In Accordance With The FLSA & To Pay Minimum Wages**

29. During his employment, Sacacian's hourly rate of pay was $10.00 per hour.

30. In addition to Sacacian's hourly compensation, Sacacian had an oral agreement with the Defendants that he would receive commission of $50.00 per bike sold and $25.00 per battery sold.

31. During the relevant period, the Defendants engaged in practices that were in direct violation of the FLSA.

32. Defendants are in direct violation of the FLSA for their absolute failure to pay Sacacian time-and-a-half his regular rate of pay for all time worked over 40 in a workweek (the "**Direct Overtime Violation Practice**").

33. Defendants are in direct violation of the FLSA for their absolute failure to pay Sacacian compensation for hours worked his last week of employment.

34. During his employment, Mr. Sacacian worked an average of six (6) days per week and in excess of 40 hour per week.

35. Defendants, however, never paid Sacacian an overtime premium for all overtime hours worked as required by the FLSA.

36. Defendants only paid Sacacian his regular hourly rate for the overtime hours worked.

**BARNHART LAW FIRM**
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

37. Sacacian was subject to the Direct Overtime Violation Practice.

38. Beginning in September 2021, Sacacian began complaining to Defendants about their failure to pay him overtime.

39. Defendants terminated Sacacian shortly after his complaints, on October 13, 2021.

40. The Defendants also failed to maintain proper timekeeping records of Sacacian's hours worked as required by the FLSA.

## COUNT I

## OVERTIME VIOLATION BY AMERICAN ELECTRIC UNDER THE FAIR LABOR STANDARDS ACT

41. Sacacian re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if fully set forth herein.

42. Upon information and belief, American Electric's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

43. As part of its business, American Electric purchased goods and materials that traveled through interstate commerce during the relevant period.

44. During the relevant period, American Electric obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

45. During the relevant period, American Electric, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

BARNHART LAW FIRM
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

46. During the relevant period, American Electric was an employer engaged in interstate commerce and subject to the FLSA.

47. During his employment with American Electric, Sacacian assembled electric bicycles which were then shipped out of state.

48. During his employment with American Electric, Sacacian worked overtime hours.

49. American Electric, however, did not compensate Sacacian at time-and-a-half his regular rate of pay for each overtime hour worked.

50. Sacacian is owed overtime pay.

51. In addition, American Electric is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Sacacian respectfully requests that the Court:

a. Enter judgment for Sacacian against American Electric under the FLSA;

b. Award Sacacian actual damages for the unpaid wages;

c. Award Sacacian liquidated damages;

d. Award Sacacian his attorneys' fees and costs;

e. Award Sacacian all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

**OVERTIME VIOLATIONS AGAINST ARIE UNDER THE FAIR LABOR STANDARDS ACT**

52. Sacacian re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if fully set forth herein.

53. During some or all of the relevant period, Arie was an owner, corporate officer, and operator of American Electric.

54. During some or all of the relevant period, Arie operated the day-to-day activities of American Electric, had supervisory authority over Sacacian and all other similarly situated employees, and was partially or totally responsible for paying Sacacian.

55. Arie was Sacacian's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

56. Sacacian is owed unpaid overtime compensation pursuant to the FLSA.

57. Arie is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Sacacian respectfully requests that the Court:

a. Enter judgment against Arie under the FLSA;

b. Award Sacacian actual damages for the unpaid wages;

c. Award Sacacian liquidated damages;

d. Award Sacacian attorneys' fees and costs;

e. Award Sacacian all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT III

## <u>MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AGAINST AMERICAN ELECTRIC</u>

58. Sacacian re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if fully set forth herein.

59. As a company selling its products throughout the United States, American Electric was directly involved in interstate commerce.

60. American Electric arranged for product deliveries across state lines all throughout the United States.

61. American Electric's annual volume of sales or business exceeded $500,000 during every year of the relevant period.

62. At all relevant times, American Electric employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

63. Upon information and belief, American Electric obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

64. American Electric, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

**BARNHART LAW FIRM**
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

65. American Electric is an employer engaged in interstate commerce and subject to the FLSA.

66. American Electric failed to pay Sacacian for his last week of work.

67. Sacacian is owed unpaid minimum wage compensation pursuant to the FLSA.

68. In addition, American Electric is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Sacacian respectfully requests that the Court:

a. Enter judgment for Sacacian against American Electric under the FLSA;

b. Award Sacacian actual damages for the unpaid wages;

c. Award Sacacian liquidated damages;

d. Award Sacacian his attorneys' fees and costs;

e. Award Sacacian all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT IV

### MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AGAINST ARIE

69. Sacacian re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if fully set forth herein.

70. During all of the relevant period, Arie has been an owner of American Electric.

71. Arie has, at all relevant times, been the corporate officer of American Electric.

**BARNHART LAW FIRM**
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

72. During all of the relevant period, Arie had operational control over American Electric.

73. During all of the relevant period, Arie had operational control over American Electric.

74. Arie was Sacacian's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

75. Arie failed to pay Sacacian at all for his last week of work.

76. Sacacian is owed unpaid minimum wage compensation pursuant to the FLSA.

77. In addition, Arie is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Sacacian against Arie under the FLSA;

b. Award Sacacian actual damages for the unpaid wages;

c. Award Sacacian liquidated damages;

d. Award Sacacian his attorneys' fees and costs;

e. Award Sacacian all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT V

### BREACH OF CONTRACT AGAINST AMERICAN ELECTRIC

78. Sacacian re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if fully set forth herein.

BARNHART LAW FIRM
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

79. American Electric and Sacacian entered into an oral agreement, wherein American Electric agreed to pay Sacacian a commission of $50.00 per bike sold and $25.00 per battery sold.

80. American Electric failed and/or refused to pay Sacacian his commission earned.

81. Sacacian has been damaged and is entitled to compensation for his loss.

**WHEREFORE,** Sacacian respectfully requests that the Court:

a. Enter judgment against American Electric;

b. Award Sacacian actual damages for the unpaid commissions

c. Award Sacacian his attorneys' fees and costs pursuant to Florida Statute Section 448.08;

d. Award Sacacian all recoverable interest; and

e. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Sacacian hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted,

*/s/ Valeria Barnhart*
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@barnhartfirm.com
**BARNHART LAW FIRM**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Phone: 954.526.1814
*Attorneys for Sacacian*