UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

EMANUEL SACACIAN,                               CASE NO. 22-cv-21300-KMM

    Plaintiff,

vs.

AMERICAN ELECTRIC NORTH AMERICA, LLC a Florida
Limited liability company and ARIE GAD, individually,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT**

Plaintiff, EMANUEL SACACIAN, by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 55(b)(2) and this Court's Paperless Notice of Court Practice Upon Entry of Default [DE 11], files his Motion for Clerk's Entry of Default Judgment against Defendants AMERICAN ELECTRIC NORTH AMERICA, LLC and ARIE GAD and states:

### I.    BACKGROUND FACTS

1. On April 26, 2022, Plaintiff filed this action against Defendants to recover unpaid wages, unpaid (half-time) overtime wages, liquidated damages, costs, and attorney's fees. [DE 1].

2. Plaintiff's Complaint asserts five claims:

    a. **Count I**: Overtime Violation by American Electric North America under FLSA.

    b. **Count II**: Overtime Violation by Arie Gad under FLSA.

    c. **Count III**: Minimum Wage Violation of FLSA against American Electric North America.

    d.  **Count IV**: Minimum Wage Violation of FLSA against Arie Gad.

    e.  **Count V**: Breach of Contract against American Electric North America.

3. In relation to Counts I and II, Plaintiff worked for Defendants during the time period of May 17, 2021 through October 15, 2021. See Declaration of Emanuel Sacacian, ¶¶ 2, 5 ("Sacacian Decl.") attached as **Exhibit 1**. Plaintiff's job duties included assembling electric bicycles for in and out of state shipment, answering phones, updating inventory information, and greeting customers in Defendant American Electric's physical location. (Sacacian Decl. ¶3). During this time period, Plaintiff regularly worked 6 hours of overtime per week, excluding his last week of work. (Sacacian Decl. ¶¶ 6-8). Plaintiff was paid through a manual check at his regularly hourly rate for all hours worked, including the overtime hours worked. (Sacacian Decl. ¶ 6).

4. In relation to Counts III and IV, Defendants terminated Plaintiff on October 13, 2021, shortly after he complained about their pay practices. (Sacacian Decl. ¶¶ 4-5). During his last week of work, Plaintiff worked forty hours and Defendants did not pay him at all. (Sacacian Decl. ¶9).

5. In relation to Count V, Defendant American Electric and Plaintiff entered into an oral agreement, by which American Electric agreed to pay Plaintiff a commission if he sold any bikes or batteries. The agreed upon commission was at a rate of $50.00 per bike sold and $25.00 per battery sold. Although Plaintiff sold 40 bikes, American Electric failed to pay Plaintiff any commission. (Sacacian Decl. ¶9).

6. On May 4, 2022, Defendant ARIE GAD was served with the Summons and Complaint. The Return of Service by the process server was filed with this Court on May 9, 2022. [DE 6].

7. On May 4, 2022, Defendant AMERICAN ELECTRIC NORTH AMERICA was served with the Summons and Complaint. The Return of Service by the process server was filed with this Court on May 9, 2022. [DE 7].

8. A copy of the Complaint was also provided to Defendants by Plaintiff's counsel on June 1, 2022. Plaintiff's counsel twice advised Defendants of Plaintiff's intention to seek a default – on June 1, 2022 and June 9, 2022. *See* attached Declaration of Valerie Barnhart, ¶11 ("Barnhart Decl.") attached as **Exhibit 2**.

9. The Clerk of Court entered a Default against the Defendants on June 14, 2022 [DE 10].

10. Notwithstanding that Defendants are fully aware of this action, neither Defendant has filed an answer or any other motion or response to the Complaint, and Plaintiff seeks a default final judgment on all counts of the Complaint.

## II. LEGAL STANDARD

"A court may enter default judgment against a defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(b)(2). 'The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court.' 'Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered.' 'A party in default has admitted all well-pleaded allegations of fact." *In*

*re Liquid Toppings Dispensing Sys. ('447) Pat. Litig.*, No. 1:18-MD-02832-KMM, 2021 WL 1053279, at *1 (S.D. Fla. Feb. 18, 2021)(citations omitted).

### III.  DAMAGES

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded'" Damages may be awarded without an evidentiary hearing only if the record adequately reflects the basis for award via " 'a demonstration by detailed affidavits establishing the necessary facts.' In other words, a court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'" *Id.*

Based on the Complaint [DE 1], the Statement of Claim [DE 8], Declaration of Emanuel Sacacian, and Declaration of Valerie Barnhart, Esq., the Plaintiff is entitled to a final default judgment in the following amounts:

| **Counts /Claims** | **Amount** | **Record Citations** |
|---|---|---|
| Counts I and II | $1,200.00 (liquidated) | Complaint [DE 1], ¶¶ 9, 34, 36, 57<br>Sacacian Declaration, ¶¶7-8, 11<br>Statement of Claim [DE 8], ¶ C |
| Counts III and IV | $580.00 (liquidated) | Complaint [DE 1], ¶¶ 29, 66, 75<br>Sacacian Declaration, ¶¶8-9, 12<br>Statement of Claim [DE 8], ¶ C |
| Count V | $2,000.00 | Complaint [DE 1], ¶¶ 79-80<br>Sacacian Declaration, ¶¶10, 13 |
| Attorney's Fees and Costs | $3,743.00 | Declaration of Valerie Barton Barnhart, Esq. |

**BARNHART LAW FIRM**
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814

WHEREFORE, Plaintiff, EMANUEL SACACIAN, requests the Clerk to enter Default Judgment in favor of the Plaintiff and against Defendants, AMERICAN ELECTRIC NORTH AMERICA and ARIE GAD, jointly and severally, for the sum of $1,780.00 as to Counts I through IV, and against AMERICAN ELECTRIC NORTH AMERICA for the sum of $2,000.00 as to Count V, together with attorney's fees and costs in the amount of $3,743.00, and require the Defendants to complete Florida Rule of Procedure Form 1.977(a) (for individuals) and 1.977(b) (for corporations) pursuant to Federal Rule of Civil Procedure.

### CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and was sent to the Defendants via U.S. Mail to: AMERICAN ELECTRIC NORTH AMERICA, c/o Registered Agent Arie Gad 19667 Turnberry Way Unit 25B, Aventura, Florida 33180, and ARIE GAD, 19667 Turnberry Way Unit 25B, Aventura, Florida 33180.

*By: /s/ Valerie Barnhart*
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@barnhartfirm.com
**BARNHART LAW FIRM**
12555 Orange Drive
Second Floor
Davie, FL 33330

5 | P a g e
**BARNHART LAW FIRM**
12555 Orange Drive · Second Floor · Davie, FL 33330
www.BarnhartFirm.com · Phone (954) 526-1814